UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EARL L. WARD, | Case No. 24-cv-3845 (LMP/DTS) |
| Petitioner, | |
| v. | |
| SHIREEN GANDHI, *Commissioner of Minn. Dept. of Human Services*; NANCY JOHNSTON, *CEO of MSOP*; and TERRY KNEISEL, *MSOP – Moose Lake, Facility Director*, | ORDER GRANTING PETITIONER'S APPLICATION TO PROCEED IFP ON APPEAL |
| Respondents. | |

On October 7, 2024, Earl L. Ward ("Ward") petitioned the Court for habeas relief pursuant to 28 U.S.C. § 2254. *See* ECF Nos. 1, 12. After receiving briefing from Ward and Respondents, United States Magistrate Judge Tony N. Leung issued a Report and Recommendation ("R&R") recommending that Ward's habeas petition be dismissed as a "mixed" petition because Ward presented some claims that were exhausted and other claims that were not. *See generally* ECF No. 24. Relevant here, the R&R concluded that Ward's unexhausted claims were *not* procedurally defaulted because Ward had an avenue to bring those claims through three rounds of state court review, and, if Ward did so, they would be properly exhausted and appropriate for federal habeas review. *Id.* at 14. And noting the well-established rule that a federal court may not consider the merits of any claim presented in a "mixed" habeas petition, the R&R recommended dismissal without

reaching the merits of the one claim that had been exhausted through the state courts. *Id.* at 17.

Ward objected to the R&R's conclusions, arguing that all his claims are exhausted and that none of them are procedurally defaulted. ECF No. 26. Upon review, the Court largely overruled Ward's objections. *See generally* ECF No. 32. But the Court disagreed with the R&R's conclusion that the petition is "mixed." *Id.* at 11–12. Instead, the Court held that all of Ward's unexhausted claims are also procedurally defaulted because Ward could no longer present them to the Minnesota state courts. *Id.* Accordingly, the Court found the petition ripe for review, considered the merits of the one claim that was properly exhausted before the state courts, and denied it as meritless. *Id.* at 13–17. Nevertheless, because the Court disagreed with the R&R's recommendation to dismiss the petition as "mixed," the Court granted a certificate of appealability concerning one issue: whether Ward's unexhausted claims raising state-court jurisdictional issues are procedurally defaulted. *Id.* at 20–21.

On July 18, 2025, Ward filed a notice of appeal (ECF No. 34) and an application to proceed *in forma pauperis* ("IFP") on appeal (ECF No. 35). A litigant who seeks IFP status on appeal must first "file a motion in the district court" and "state[] the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). The Court must deny IFP status if the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(1), (a)(3). "To determine whether an appeal is taken in good faith, the Court must determine whether the claims to be decided on appeal are factually or legally frivolous." *Smith v. Eischen*, No. 23-cv-357 (JRT/DJF),

2024 WL 2818335, at *1 (D. Minn. June 3, 2024) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Although Ward does not identify the issues he wishes to raise on appeal, he correctly notes that the Court "did grant in part a certificate of appealability with respect to the single issue of whether Ward's challenges to the personal jurisdiction and subject-matter jurisdiction of the state district court are procedurally defaulted." ECF No. 34. Therefore, the Court finds that the appeal is not frivolous to the extent Ward seeks to appeal that sole issue. Accordingly, the Court grants Ward's IFP application.

## ORDER

Based upon all the files, records, and proceedings in the above-captioned matter, **IT IS HEREBY ORDERED THAT** Ward's Application to Proceed *In Forma Pauperis* on Appeal (ECF No. 35) is **GRANTED**.

Dated: July 23, 2025

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge